**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Royal G. JONES, Defendant—
Appellant.**

No. 01–35574.

D.C. No. CV–00–00116–DWM
CR–96–00040–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI, and
BERZON, Circuit Judges.

MEMORANDUM **

Royal G. Jones, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2255 motion, challenging his conviction and sentence for possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Sanchez v. United States,* 50 F.3d 1448, 1451–52 (9th Cir.1995), and affirm.

Jones contends that he received ineffective assistance of counsel on two grounds. First, counsel failed to object to the jury instruction that omitted *mens rea* as a necessary element of 26 U.S.C. § 5861(d). We previously ruled in Jones' direct appeal that although *mens rea* should have been included in the instruction, evidence of Jones' guilt was so strong that no reasonable trier of fact could have thought Jones lacked the requisite *mens rea.* *United States v. Jones,* No. 97–30151, 1999 WL 373165, at *3, 182 F.3d 928 (9th Cir. May 19, 1999) (unpublished memorandum). Because the jury instruction error was harmless, *see United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1197 (9th Cir.2000) (en banc), his attorney's failure to object to it was not prejudicial. *See United States v. Baldwin,* 987 F.2d 1432, 1439 (9th Cir. 1993).

Second, Jones contends that counsel was ineffective because counsel advised him that informing the court of his mental health problems would subject him to a 20–year sentence in a mental institution.[1] Jones contends that without that misadvice, he would have told the court about his mental health issues and the court would have ordered a competency hearing. Without any evidence or allegation that a competency hearing would have found him incompetent, Jones fails to demonstrate how he suffered any prejudice. *See Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Mayfield v. Woodford,* 270 F.3d 915, 925 (9th Cir.2001) (en banc) (finding no ineffective assistance of counsel after determining that there was no showing of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. To the extent that Jones contends that he was unable to assist in his defense or that he was unable to understand the proceedings against him, he never raised these points in the district court and they are not properly before us. *See Hiivala v. Wood,* 195 F.3d 1098, 1102 (9th Cir.1999) (per curiam) (limiting review to issues in the COA).

prejudice and without resolving the issue of deficient performance).[2]

AFFIRMED.

---

**2.** Jones' March 11, 2002 Motion to Supplement the Opening Brief is granted.

